[No. 36214.   Department One.   December 27, 1962.]

EDWARD M. MCFERRAN, *Appellant*, V. KENDALL A. SANWICK, JR. *et al.*, *Respondents.**

*P. R. McIntosh*, for appellant.

*Hulbert S. Murray*, for respondents.

FINLEY, C. J.—The trial court ordered the complaint of plaintiff Edward M. McFerran stricken, pursuant to Rule of Pleading, Practice and Procedure 11, RCW Vol. 0, upon finding that the complaint was sham and false. The appellant, Edward M. McFerran, is seeking review of that order and the findings contained therein.

The parties herein involved were also before this court in *Sanwick v. McFerran* (1961), 57 Wn. (2d) 875, 360 P. (2d) 580. In that case an agreement under which the respondent could exercise an exclusive option to purchase real estate was at issue. We affirmed the trial court's determination that the respondent had sufficiently complied with the provisions of the purchase option to warrant an order for specific performance of the contract as reformed. After the remittitur was entered, the appellant refused to comply with the order of specific performance necessary to complete the required transaction. Therefore, the court appointed a commissioner who completed the transaction by executing the real-estate contract and deed required by the option agreement. Immediately thereafter, the appellant instituted the present action, alleging in his complaint that he owned real property in King County by

*Reported in 377 P. (2d) 405.

adverse possession, and asking that it be adjudicated that the defendants have no right, title or interest in the real estate and that they be enjoined from taking possession thereof.

Defendants moved, under Rule of Pleading, Practice and Procedure 11, RCW Vol. 0, to strike the plaintiff's complaint, to cite the plaintiff's attorney for contempt, and to dismiss the action. After a hearing on the defendants' motion, the trial court found that the property as described in the complaint, with a few minor variations, was the same property as that involved in *Sanwick v. McFerran, supra.*[1] On the basis of that determination the trial court found that the plaintiff's action was sham and false and, accordingly, entered an order *striking the complaint*. The order, which is the only one in this case, did not cite the plaintiff's attorney for contempt, nor did it specify dismissal of the action.

---

[1]The form of the description contained in the present complaint differs from that used in the option agreement litigated in *Sanwick v. McFerran, supra.*

It was stated at p. 880 of that opinion:

" . . . The appellant agreed to sell *his interest in the property as he had described it*. The description was the same description used in the deed by which appellant had acquired the property. The title insurance company insured the title to the property as described. By the above quoted paragraph five of the option agreement, the respondents were given the right to refuse to accept the title if they believed it was not good. The respondents, by their acceptance of the property as described, have assumed the risk of the alleged inadequacy of the description. Assuming, but not deciding, that the description is inadequate, the terms of the contract remove this transaction from the operation of the statute of frauds." (Italics ours.)

During oral argument of the instant case the appellant indicated that his legal theory is dependent upon the last sentence of the above quotation. His contentions were (1) when he purchased the property by warranty deed in 1944, he in fact acquired nothing because the description was inadequate, (2) the respondents cannot acquire any real property by virtue of the option agreement because of the same inadequate description, and (3) the only valid interest in the real property is that of the appellant by virtue of adverse possession. While it is not necessary to the disposition of the case, we indicate our approval of the trial court's conclusion as to the merits because of our statement in *Sanwick v. McFerran, supra,* as quoted above.

█ Respondents have submitted a motion to dismiss the appeal on the ground that there was no final disposition of the case by the trial court. Thus, it is necessary to determine if the mere striking of a complaint, in the absence of a dismissal of the action, is an appealable order under the provisions of Rule on Appeal 14(6), RCW Vol. 0. That portion of the rule permits an appeal,

"From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) . . ."

The general rule in those jurisdictions which have ruled on the question is that the mere striking of a complaint is not by itself an appealable order. Annotation, 1 A. L. R. (2d) 442, 426 (1948). The basis for this rule is that the order is only interlocutory, since it neither dismisses the suit nor enters a judgment for the defendant. Washington has aligned itself with the general rule by virtue of *Vaktaren Pub. Co. v. Pacific Tribune Pub. Co.* (1906), 41 Wash. 355, 83 Pac. 426.

It should also be noted that Rule of Pleading, Practice and Procedure 11, RCW Vol. 0, is virtually the same as Fed. R. Civ. P. 11 (so far as the rule is here pertinent). Pike and Fischer have commented in 2 Fed. Rules Serv. 645, that, while a summary judgment is final, the striking of a pleading would not be final. 13 Cyclopedia of Federal Procedure, § 57.81 (3d. ed. 1952) states:

"To obtain review of an order sustaining a motion to strike a complaint, the proper procedure is to elect to stand upon the complaint and suffer a final judgment of dismissal. . . ."

Therefore, we sustain the respondents' motion to dismiss the appeal.

WEAVER, ROSELLINI, and OTT, JJ., concur.