[No. 38465.    Department Two.    February 9, 1967.]

K. A. SANWICK, JR., et al., Appellants, v. PUGET SOUND TITLE INSURANCE COMPANY et al., Respondents.*

*Reported in 423 P.2d 624.

*Hulbert S. Murray* and *M. Gerald Herman,* for appellants.

*Bogle, Gates, Dobrin, Wakefield & Long* and *Orlo B. Kellogg,* for respondent Puget Sound Title Insurance Company.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondent McFerran.

LANGSDORF, J.†—On March 7, 1957, for a consideration of $6,000, the respondent McFerran granted an option to appellant Sanwick to purchase land for $187,500. Separate escrow instructions were signed by Sanwick and McFerran and left with the Puget Sound Title Insurance Company. The option was extended for an additional year to March 1, 1959; thereafter Sanwick assigned part interests in said option to the other appellants.

On February 27, 1959, appellants informed the title company that they were exercising their option and the title company prepared a real estate contract which appellants signed. McFerran refused to sign this contract claiming that it was not in accordance with the terms of the option. In preparing the contract of February 27, 1959, the scrivener had in error omitted one of the covenants affecting title and had provided an improper date from which interest on the deferred payments were to be computed.

Appellants sued McFerran for specific performance and damages. Upon the court's suggestion appellants dismissed their damage cause of action without prejudice. By summary judgment the court then reformed the contract and granted specific performance. McFerran refused to comply with the court's order and consequently the court appointed a commissioner who signed the real estate contract. On McFerran's appeal to the Supreme Court the lower

†Judge Langsdorf is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

court was affirmed. *Sanwick v. McFerran,* 57 Wn.2d 875, 360 P.2d 580 *(1961).*

Then McFerran commenced a quiet title action against Sanwick. The trial court struck the complaint and this court dismissed the appeal, *McFerran v. Sanwick,* 61 Wn.2d 123, 377 P.2d 405 (1962).

On March 2, 1962, a tender of the balance due on the contract was made to McFerran but he refused to accept the tender and refused to sign a deed. On March 8, 1962, appellants sued McFerran for specific performance only, not asking for damages. The court granted the relief and McFerran signed the deed.

The appellants commenced this action seeking damages against both McFerran and Puget Sound Title Insurance Company for withholding possession of the premises from February 27, 1959, the date of the exercising of the option to March 13, 1963, the date of delivery of the fulfillment deed.

The respondents moved for a summary judgment. After a hearing the trial court rendered a memorandum decision on May 27, 1965. On June 4, 1965, a judgment was entered dismissing with prejudice the appellants' action against both respondents and also dismissing with prejudice the cross complaints of both respondents. The court, in the judgment of dismissal, also granted both respondents leave to amend their answers to the appellants' complaint.

On June 14, 1965, appellants filed their notice of appeal. On the same date appellants filed a motion to strike the amended answers filed by the respondents. The motion to strike was denied on July 2, 1965, upon the basis that the trial court had lost jurisdiction of the case by virtue of appellants having served and filed notice of appeal. This appeal is from the summary judgment and post judgment order.

Appellants rely upon the following assignments of error: 1. The trial court erred in granting the respondents' motion for summary judgment on appellants' complaint, dismissing said complaint as against both respondents with prejudice

and with costs. 2. The trial court erred in granting both respondents leave to amend their answers and cross complaints.

The action presently before the court is the fourth in a series arising out of the very same contract enforced in the two previous actions, plus a quiet title action commenced by respondent McFerran in between the two. In these two previous actions by appellants, the issue of damages was never determined by the court due to the fact that the appellants elected to dismiss them "without prejudice" from the first action at the suggestion of the trial court and then did not include them in the second action.

If appellants had included damages in their second action, respondent McFerran would have been estopped to raise the question of res judicata as the court, having jurisdiction to assess the damages, had entered a judgment without prejudice to another proceeding as to the damages. *Matzger v. Arcade Bldg. & Realty Co.*, 102 Wash. 423, 173 Pac. 47 (1918); *Glaser v. Connell*, 266 F.2d 149 (9th Cir. 1958). However, appellants did not include the damages in the second specific performance action and waited to bring their damage action in this present case.

This court from early years has dismissed a subsequent action on the basis that the relief sought could have and should have been determined in a prior action. The theory on which dismissal is granted is variously referred to as res judicata or splitting causes of action. *Currier v. Perry,* 181 Wash. 565, 44 P.2d 184 (1935); *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137 (1894).

In the *Currier* case, *supra,* the title question concerned stock while here we have real estate. In the subsequent action for damages in the *Currier* case, *supra,* this court stated at 569:

> On the main question in this case, there is no uncertainty about the rule in this state. As early as *Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, it was stated:
>
> "The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon

which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

That rule has been steadfastly adhered to and followed in this state. Some of our cases so holding are, as follows: [Citing cases.] In the last case, it was taken for granted that the rule is so well understood in this state that it was referred to in the terse, yet comprehensive, language, as follows:

"The matter in controversy here was included within the matter in controversy there. It either was, or else could have been, adjudicated in the former action. That judgment, therefore, became *res judicata* of the issues and matters here presented."

Appellants have urged various other contentions as to why the rule of res judicata or splitting causes of action should not apply to respondent McFerran. We have considered these contentions and find them without merit.

The entry of a summary judgment of dismissal with prejudice as to respondent McFerran was correct.

Next we turn to the dismissal of the claim against the Puget Sound Title Insurance Company. The trial court's dismissal was primarily based on the defense of the running of the statute of limitations; Puget Sound saying that the 3-year limitation[1] and not the 6-year limitation[2] applied. Appellants admittedly commenced this action more than 3 years after the alleged breach.

Puget Sound says the 3-year statute must apply because the action was not based on a written instrument. We cannot agree. Separate escrow instructions were executed by Sanwick and McFerran on March 1, 1957, the same day the

---

[1]"RCW 4.16.080 Actions limited to three years. Within three years:

"  . . . .

"(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . . ." (Italics ours.)

[2]"RCW 4.16.040 Actions limited to six years. Within six years:

"  . . . .

"(2) An action upon a contract in writing, or liability express or implied arising out of a written agreement." (Italics ours.)

original option agreement was presented to Puget Sound. The pertinent portion of the appellants' instructions stated:

You are instructed as follows: The terms of sale are as indicated in the option agreement handed you herewith and said terms are incorporated in this Escrow. Upon deposit by the optionee of $6,000.00 you are to deliver to said optionee a copy of the title report and at that time he is to approve Exhibit A by initialing said Exhibit. It is understood that in order for the optionee to exercise his option he will have to contact Puget Sound Title Insurance Escrow Department and perform in accordance with the terms of that certain real estate purchase option handed you herewith and sign the contract known as Exhibit A.

■ Both vendor's and vendees' escrow instruction forms contained the above language and presumably were typed out by respondent Puget Sound. These instructions were entered on Puget Sound's printed forms. Appellants supplied good consideration, as they were to pay half the escrow fee. Respondent Puget Sound does not argue that lack of signature by it would destroy the contract's effect as being "written" for the purposes of the limitation of actions. Nor could they successfully do so; as this court said in considering the exact question, "Acceptance of an offer may be implied from conduct as well as from words." *De-Britz v. Sylvia,* 21 Wn.2d 317, 321, 150 P.2d 978 (1944). Puget Sound acted and has continued to act under the escrow instructions of both parties. We conclude that all the elements of a valid written contract were present.

■ Puget Sound next contends that though the contract be written, appellants may not sue for its breach as Puget Sound is an agent only of McFerran the vendor. This may be answered by reference to the contract. Puget Sound clearly acts as agent for *Sanwick* under its terms. The fact that Puget Sound also acted for McFerran as *his* agent, under identical escrow instructions, does not prohibit this conclusion. Nor do we read the decision in the first case, calling for reformation, as deciding differently, *Sanwick v. McFerran, supra.* Certainly if the parties, acting

through two different agents, had committed a mutual mistake, the contract would be subject to reformation. That the same agent acted for both does not alter this result.

Puget Sound contends that the written contract does not provide for its preparation of the new land purchase agreement in which the original errors occurred. The direct answer to this is that appellants are suing for breach of the contract *as set out in their escrow instructions*. As we said in the first case, *Sanwick v. McFerran,* 57 Wn.2d 875, at 879:

> [W]e construe the option agreement and the escrow instructions as requiring that the purchasers perform the conditions of the option by executing *a contract to be prepared by the escrow agent* which should contain the terms specified in exhibit A, including the title covenants as shown in the title report. (Italics ours.)

Beyond this, our statute of limitations refers not only to written contracts, but to "liability express or implied *arising out of* a written agreement." RCW 4.16.040(2). As we noted in *DeBritz v. Sylvia, supra,* this statute is unique, and encompasses a much broader class of actions than do the more common limiting statutes.

Puget Sound finally seeks to invoke the defenses available to McFerran, the vendor. It raises the argument that it also is protected by the doctrine of res judicata; but this would require a finding that it was no more than an agent of McFerran. That contention has already been answered. Lastly, Puget Sound claims it is a "co-obligor as to damages" with McFerran. Suffice it is to say that whatever the relationship between Puget Sound and McFerran, it does not deter appellants' action against Puget Sound as their agent. Because appellants are procedurally barred from recovering damages from their vendor, it does not mean they cannot recover them from a second party on an independent cause of action.

Appellant urges that the trial court erred in granting the respondents leave to amend their pleadings. A motion to amend a pleading after the pleadings have closed is governed by Rule of Pleading, Practice and Procedure

15(a), RCW vol. 0, and is addressed to the sound discretion of the trial court. The trial court's action in passing upon such a motion will not be disturbed on appeal except for a manifest abuse of discretion or a failure to exercise any discretion. *Appliance Buyers Credit Corp. v. Upton,* 65 Wn.2d 793, 800, 399 P.2d 587 (1965). Rule 15(a), *supra,* provides that leave to amend shall be freely given when justice so requires, and, accordingly, the rule is liberally applied. *Adams v. Allstate Ins. Co.,* 58 Wn.2d 659, 671, 364 P.2d 804 (1961).

The pleadings were amended before the entry of judgment on June 4, 1965. At that time the trial court had exclusive jurisdiction of the case and we find no error in permitting the amendment.

▇ Notice of appeal was filed on June 14, 1965. After the notice of appeal was served and filed the appellants then moved to strike the amended pleadings. After the notice of appeal the trial court no longer had jurisdiction of the matter and could not strike the amended pleadings. Rule on Appeal 15, RCW vol. 0.

The summary judgment in favor of respondent McFerran is affirmed. The summary judgment in favor of respondent Puget Sound Title Insurance Company is reversed and the cause remanded for further proceedings; costs on this appeal insofar as Puget Sound is concerned will abide final disposition of the cause.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

---

July 3, 1967. Petition for rehearing denied.