[No. 39089. Department One. May 29, 1968.]

BEN C. BRADLEY *et al., Appellants,* v. THE STATE OF
WASHINGTON, *Respondent.**

*Moschetto & Alfieri,* for appellants.

*The Attorney General* and *Robert E. Lundgaard, Assist-
ant,* for respondent.

ROSELLINI, J.—This action was brought to recover the
value of certain tavern equipment which it was alleged the
state had appropriated without having compensated the
plaintiffs. A judgment and decree of appropriation, entered
in the Superior Court for King County on March 6, 1963,
was introduced in evidence. This decree described the real
property, by metes and bounds, on which the tavern in
question was located, and recited that all persons having an
interest in the "lands, real estate, premises and other prop-

*Reported in 442 P.2d 1009.

erty described in the petition" had been served with notice of the proceeding. It also recited that the plaintiffs in this action were represented by counsel in that proceeding.

The trial court held that the plaintiffs' rights were determined in that action, and that the decree was res judicata. It appears that no appeal was taken from the decree.

The plaintiffs contend that the trial court applied the doctrine of res judicata to work an injustice, since they received no compensation for their property in the condemnation proceeding.

There is merit to their contention, inasmuch as the record shows that some of the items for which they claim the right to be paid were clearly personal property. Other items were attached to the realty and may have been fixtures. The trial court made no findings as to the nature of these items, apparently being of the opinion that all of them were covered by the decree in the condemnation action.

In this conclusion, the trial court erred. The decree makes no mention of personal property and describes only the real property which was condemned.

The question presented is whether the decree in the condemnation action necessarily determined the validity of the plaintiffs' claim. In other words, was that decree, which described only real property, broad enough to include fixtures and personal property?

While we have found no case on this subject in this jurisdiction, the general rule elsewhere is that damages are allowed in condemnation actions in respect of fixtures which have become a part of the realty. Numerous cases so holding are cited in an annotation in 90 A.L.R. 159, entitled "Eminent Domain—Compensation for Fixtures."

In 2 P. Nichols, Eminent Domain, § 5.83[2] (3d ed. 1950) at 332, it is said:

> Even though a lease contains a condemnation clause the tenant's fixtures are considered real property and must be paid for in eminent domain.

In 29A C.J.S. *Eminent Domain* § 175(1) (1965), the rule is stated:

> Where land is condemned for public uses, the value of buildings or other improvements and fixtures on the land must be considered in determining the owner's compensation, to the extent that they enhance the value of the land to which they are affixed, the appropriator being required either to take the land with the improvements he finds thereon or to reject it in toto. (Footnotes omitted.)

A similar statement is found in 27 Am. Jur. 2d *Eminent Domain* § 292, at 99 (1966). *See also* 3 A.L.R.2d 288, "Eminent Domain—Lessees' Damages."

All of these authorities are in accord that the lessee's personal property, not attached to the realty, is not included in the condemnation of the realty.

As we have observed earlier, there was no personal property described in the decree in condemnation. Consequently, that decree does not dispose of the plaintiffs' claim for compensation for those items which were in fact personalty.

The state concedes that it did take possession of these items and that it has not paid the plaintiffs for them. Also, it does not question the fact that they belonged to the plaintiffs at the time it took possession of them. For defense it relies upon the fact that, as shown by the stipulation of the parties and the findings of the court in this action, in making its offer to the owners and lessees in the condemnation proceeding, the state included the value at which it had appraised the personal property and fixtures installed by the lessees. This offer was accepted by stipulation of the owners and the lessees and was paid into court. However, it does not appear that the owners were advised that the state had included in its appraisal the value of personal property owned by the lessees.

In addition, the state does not claim and the judgment in the condemnation action does not show that any award was made for this personal property. On the contrary, the judgment describes the property condemned, and the property described is the real property. Also the notice in condemna-

tion, which is an exhibit in this action, describes only the real property.

■ It is the general rule that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of proving, by competent evidence consistent with the record in the former cause, that such issue was involved and actually determined, where it does not appear from the record that the matter as to which the rule of res judicata is invoked as a bar was necessarily adjudicated in the former action. *Rufener v. Scott*, 46 Wn.2d 240, 280 P.2d 253 (1955).

The state has advanced no reason why an exception to this rule should be made in this case, nor has it made any showing that the plaintiffs' right to compensation for their personal property which was admittedly taken by the state, was adjudicated in the condemnation proceeding. If the state made an error and included in its offer of compensation for the real property an amount which it attributed to personal property, that is not an error for which the plaintiffs should be penalized.

The fact that the notice in condemnation was not broad enough to include the personal property which the state proposed to take was not due to any act or omission of the owners of the personalty, and it is not suggested that the plaintiffs did anything to mislead the state. The state had no right to rely upon the court to make an award for personal property in the condemnation proceeding. Under RCW 8.04.090, the court's only authority was to distribute the award to those having an interest in the property "described in the petition." The state could not justifiably expect it to disregard this provision.

■■ The plaintiffs are entitled to recover in this action the value of the items of personal property taken by the state and are not precluded from doing so by the judgment in the condemnation proceeding. A judgment is res judicata only as to those matters which were or could have been litigated in the action. *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 423 P.2d 624 (1967). The right to com-

pensation for personal property was not at issue in the condemnation action.

On the other hand, the decree in that action does foreclose the plaintiffs' claim for compensation for those items which were in fact fixtures. The trial court did not make findings of fact as to which of the items for which claim was made were fixtures and which were personal property. It is therefore necessary to remand the cause, with directions to determine the nature of the various items for which compensation is sought, and to award judgment for the plaintiff for the value of those items which it finds to be personalty. Of course, if the state can show that, in the condemnation proceeding, any or all of the items were held to be fixtures and therefore a part of the realty, the defense of res judicata will be available to it as to those items.

The judgment is reversed and the cause remanded with directions to proceed according to the views expressed herein.

FINLEY, C. J., WEAVER and HALE, JJ., and WALTERSKIRCHEN, J. Pro Tem., concur.