[No. 1456-1.    Division One—Panel 1.    November 13, 1972.]

JOSEPH MEDER et al., *Appellants,* v. CCME CORPORATION et al., *Respondents.*

802

Williams, J., concurs in the result only.

Robert A. Castrodale, for appellants.

Rutherford, Kargianis & Austin and Russell A. Austin, Jr., for respondents.

Callow, J.—This appeal presents as its sole issue whether the trial court should have dismissed the plaintiffs' complaint on the basis that the issues raised therein were res judicata, being issues which were or could have been previously decided.

Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 395, 429 P.2d 207 (1967), contrasts and defines res judicata and collateral estoppel as follows:

> Res judicata and collateral estoppel, kindred doctrines designed to prevent relitigation of already determined causes and curtail multiplicity of actions and harassment in the courts, are at times indistinguishable and frequently interchangeable. If the differences must be noted, it could be said that res judicata is the more comprehensive doctrine, identifying a prior judgment arising out of the same cause of action between the same parties, whereas a collateral estoppel relates to and bars relitigation on a particular issue or determinative fact. Both doctrines require a large measure of identity as to parties, issues and facts, and in neither can the party urging the two doctrines as a defense be a stranger to the prior

proceeding. He must have been a party, a participant, or in privity with either, and the action out of which the bar is claimed must be qualitatively the same as the case in which the doctrine is set up as a bar. Where res judicata precludes relitigation of an entire cause because of an identity of parties and issues culminating in a judgment, collateral estoppel is less inclusive, preventing retrial of but one or more of the crucial issues or determinative facts. *Owens v. Kuro,* 56 Wn.2d 564, 354 P.2d 696 (1960); *Riblet v. Ideal Cement Co.,* 54 Wn.2d 779, 345 P.2d 173 (1959); 2 Orland, Wash. Prac. § 387 (2d ed., 1965).

We recognized this principle in *Owens v. Kuro, supra,* when we said:

A judgment is not *res judicata* nor is one collaterally estopped by judgment in a later case if there is no identity or privity of parties in the same antagonistic relation as in the decided action. *Riblet v. Ideal Cement Co.,* 54 Wn. (2d) 779, 345 P. (2d) 173; *Rufener v. Scott,* 46 Wn. (2d) 240, 280 P. (2d) 253. An estoppel must be mutual and cannot apply for or against a stranger to a judgment since a stranger's rights cannot be determined in his absence from the controversy.

The concern of the courts is that no question should be submitted for decision twice and yet no party should be prevented from litigating any question which has not been, which could not have been, and which should not have been litigated during the prior action. Thus, *Luisi Truck Lines, Inc. v. Washington Util. & Transp. Comm'n,* 72 Wn.2d 887, 894, 435 P.2d 654 (1967), says:

Neither the doctrine of res judicata nor collateral estoppel are intended to deny a litigant his day in court. The purpose of both doctrines is only to prevent relitigation of that which has previously been litigated. It is a rule of rest. 2 A. Freeman, Law of Judgments § 625 at 1317-18 (5th ed. 1925). The doctrine of res judicata is intended to prevent relitigation of an entire cause of action and collateral estoppel is intended to prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation. *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 429 P.2d 207 (1967).

The opinion continues at page 896:

The doctrine of res judicata is based on public policy. Its purpose is to relieve the court from the burden of twice trying the same issue between the same parties. There is nothing, however, in the doctrine or in its historic application which encourages the court to so apply it as to ignore principles of right and justice and the court should be hesitant to so apply the doctrine as to deprive any person of property rights without having his day in court.

Courts in their concern to eliminate duplicitous litigation and yet allow a party to litigate on a matter which would not have been properly included in the previous action often refer to this doctrine of repose as res judicata, meaning a thing decided, or as a prohibition against splitting causes of action. Thus, in *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 441, 423 P.2d 624, 38 A.L.R.3d 315 (1967), we find:

> This court from early years has dismissed a subsequent action on the basis that the relief sought could have and should have been determined in a prior action. The theory on which dismissal is granted is variously referred to as res judicata or splitting causes of action. *Currier v. Perry*, 181 Wash. 565, 44 P.2d 184 (1935); *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137 (1894).
>
> . . .
>
> . . . As early as *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, it was stated:
>
> "The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."
>
> . . .
>
> "The matter in controversy here was included within the matter in controversy there. It either was, or else could have been, adjudicated in the former action. That judgment, therefore, became *res judicata* of the issues and matters here presented."

*See also Bradley v. State*, 73 Wn.2d 914, 442 P.2d 1009 (1968). If a matter has been litigated or there has been an

opportunity to litigate on the matter in a former action, the party-plaintiff should not be permitted to relitigate that issue. *Walsh v. Wolff*, 32 Wn.2d 285, 201 P.2d 215 (1949); *Kiecker v. Pacific Indem. Co.*, 5 Wn. App. 871, 491 P.2d 244 (1971); 46 Am. Jur. 2d *Judgments* § 395 (1969).

The requirement of the concurrence of identity in four respects in order that a prior judgment be res judicata as to matters raised in a subsequent action has been stated often. Under this line of authority, each cause must be examined to see whether, in comparing the prior to the present action, there is an identity of: (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Bordeaux v. Ingersoll Rand Co., supra; Carroll v. Bastian*, 66 Wn.2d 546, 403 P.2d 896 (1965); *Symington v. Hudson*, 40 Wn.2d 331, 243 P.2d 484 (1952); *Burke Motor Co. v. Lillie*, 39 Wn.2d 918, 239 P.2d 854 (1952); *Walsh v. Wolff, supra; Johnson v. National Bank of Commerce*, 152 Wash. 47, 277 P. 79 (1929); *Northern Pac. Ry. v. Snohomish County*, 101 Wash. 686, 172 P. 878 (1918); *Lilygren v. Rogers*, 1 Wn. App. 6, 459 P.2d 44 (1969).

In discussing the comparison of a present and prior case, *Symington v. Hudson, supra* at 338, said:

> We have here the same subject-matter, the same parties, and the same quality of persons. The causes of action in the two actions to quiet title were the same: the determination of the superior title to the property based upon facts, all of which were in existence at the time of the first judgment, and which were, or could have been, litigated therein. The judgment in the first action operated upon every claim which properly belonged to the subject of the litigation. *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137. . . . The law requires that there shall be an end to litigation, and where a party has had a full and fair opportunity to make all of the defenses at his command, and he elects not to disclose his claim, . . . the doctrine of *res judicata* applies and he cannot later assert it. *Youngquist v. Thomas*, 196 Wash. 444, 83 P. (2d) 337. The judgment was conclusive upon

the issue of the paramount title and of everything that might have been urged for or against such title.

■ Res judicata is an affirmative defense to be pleaded in a subsequent action. It has been appropriately pleaded here. *Banchero v. City Council,* 2 Wn. App. 519, 468 P.2d 724 (1970); CR 8(c).

■■ In concerning itself with the problem of what makes for identity of a cause of action, *Curtiss v. Crooks,* 190 Wash. 43, 53, 66 P.2d 1140 (1937), held that if it is doubtful whether a second suit is for the same cause of action as the first, a proper test is to consider whether the same evidence would sustain both. If the same evidence would sustain both, the two actions are considered the same; and the judgment in the former is a bar to the subsequent action although the two actions are different in form. If, however, different proofs would be required to sustain the two actions, a judgment in the one is no bar to the other. A second test laid out in *Curtiss v. Crooks, supra,* is: was the matter in issue, adjudicated upon, or necessarily involved in, the determination of the former action? A judgment in a former action concludes only those matters that were in issue, actually litigated in, or necessarily involved in, the determination.

Courts are always concerned, however, that an independent cause of action be not precluded by some prior action. Thus, we find *Johnson v. National Bank of Commerce, supra,* saying at page 50:

And in *Harsin v. Oman,* 68 Wash. 281, 123 Pac. 1, it is said:

"While it is admitted, there can be but one recovery upon the same cause of action. This does not mean the subject-matter of a cause of action can be litigated but once. It may be litigated as often as an independent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist. It follows from the very nature of things that a cause of action which did not exist at the time of a former judgment could not have been the subject-matter of the action sustaining that judgment."

See, also, *State ex rel. Weyant v. Seattle,* 127 Wash. 681, 221 Pac. 997.

■ The burden of proving that a claim is res judicata is upon the defendant pleading the defense. We find *Bradley v. State, supra* at 917, setting forth the rule as follows:

[A] person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of proving, by competent evidence consistent with the record in the former cause, that such issue was involved and actually determined, where it does not appear from the record that the matter as to which the rule of res judicata is invoked as a bar was necessarily adjudicated in the former action. *Rufener v. Scott,* 46 Wn.2d 240, 280 P.2d 253 (1955).

*See also Luisi Truck Lines, Inc. v. Washington Util. & Transp. Comm'n, supra.*

In the initial complaint filed by the plaintiff, Phyllis E. Meder, King County cause No. 707476, the allegation was that the defendants, CCME Corporation, Inc., and Norman Beaudoin and his wife, had by fraud induced the plaintiff to execute and deliver a real estate contract for the purchase and sale of certain premises. The plaintiff prayed that the contract be rescinded. The trial court entered conclusions of law which held there had been no establishment of fraud. He declined to rescind the contract and entered a judgment dismissing the claim of the plaintiff. On appeal this judgment was affirmed by an unpublished opinion of this court.

The new action sets forth allegations in separate paragraphs as follows: paragraph 3—a claim for accounting; paragraph 4—a claim for cancellation and rescission of contract [setting forth as grounds (a) mistake or inequitable conduct, (b) improper signature, (c) fiduciary relationship, and (d) undue influence]; paragraph 5—an alternate claim for reformation of contract and for money judgment; paragraph 6—an alternate claim for missing payments; paragraph 7—a claim for waste to the real property; and paragraph 8—a further claim against the individual defendants

Beaudoin, charging a breach of fiduciary duty and a failure to disclose a conflict of interest and including a prayer under this claim for judgment in the face amount of certain securities purchased plus interest.

The trial court dismissed all the claims reflected in paragraphs 3, 4, 5, 6, 7 and 8 of the complaint on the basis that the doctrine of res judicata acted as a bar to all matters that were or could have been pleaded in the second case.

The matter comes before us on an agreed statement of facts attaching a copy of the complaint, the findings of fact and conclusions of law and the judgment in the first action, a copy of the complaint in the second action and copies of the motions and affidavits on which the summary judgment of dismissal was granted in the second action.

We turn to a consideration of the claims dismissed by the trial court. Paragraph 3 as noted was a claim for accounting. This paragraph alleged that the corporation and the individual defendants acted as investment advisers and counselors and received money and property from them, that an accounting was demanded and denied, and that the plaintiffs are entitled to an accounting. Considering this claim in the light of the four concurrences required, we do not find the same subject matter is involved in this claim for accounting as was involved in the claim for rescission of the contract to sell real estate. The evidence required to support the one claim would be different from the evidence previously required, and the subject matter is dissimilar. The plaintiffs are entitled to pursue their claim in paragraph 3. We note, in passing, that it appears from the limited record that the wife was the sole plaintiff in the first action, and both husband and wife are plaintiffs in the second. Since both actions pursue the community interest, we do not consider there has been a change in the party-plaintiff in the two actions for the purposes of this appeal.

The claim for rescission of contract as reflected in paragraph 4 is a claim, however, where the parties and subject matter are the same and while the theories of the action are cast in different form, they should or could have been

presented before. Similar evidence would support the claim under either complaint. See the sections of the *Restatement of Judgments* discussed hereafter. Paragraph 4 of the second complaint was properly dismissed.

Paragraph 5 of the complaint alleges that the contract described should be reformed because of (a) mutual mistake or (b) the mistake of the plaintiffs and the inequitable conduct of the defendants. The initial complaint alleged that the defendants procured the plaintiffs' signature on a contract containing blanks and then fraudulently filled those blanks. Here the plaintiffs claim they understood the payment under the contract was to be $200 per month and the defendants filled in $100 per month in a blank space. While the first action failed to prove any element of fraud, the issue of inequitable conduct and of mistake was an available theory which could have been brought forward in the first action. This approach is precluded by the scope of the initial claim. Restatement of Judgments § 46, comment *b* at 179 (1942), says in part:

> Where a plaintiff brings an action in which he seeks relief other than the payment of money, and judgment on the merits is given for the defendant, the plaintiff is precluded from thereafter maintaining an action based upon the same cause of action. The judgment for the defendant operates as a bar. Thus, if the plaintiff brings a suit in equity for the cancellation of a contract or deed, and judgment is given for the defendant on the merits, the plaintiff is precluded from maintaining a subsequent action for cancellation of the contract or deed . . .

We find Restatement of Judgments § 63 (1942), proclaiming:

> Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action, except where the defendant's fraud or misrepresentation prevented the plaintiff from presenting such other ground in the original action.

with comment *d* thereon remarking:

Where an action is brought for the cancellation of a contract or deed, and the plaintiff in his complaint alleges certain grounds for cancellation, and at the trial he is unable to prove these grounds and a verdict and judgment are given for the defendant, the plaintiff is precluded from maintaining a subsequent action for cancellation of the contract or deed, although in that action he alleges other grounds for cancellation not alleged in the first action although then existing.

The alternate theory proposed by paragraph 5 of the second complaint was available at the time of filing of the initial complaint. This claim could have been brought forward with diligence and could not be held back. The judgment entered on the first action, therefore, is a bar to the bringing of the second.

Paragraph 6 of the second complaint sets forth a claim which would require different evidence to prove than would have been requisite to proof of the first. There would not be an identity of facts necessary to prove grounds for rescission, and those necessary to prove a delinquency in payments and a failure to pay taxes. The claim is not barred lacking the identity of cause of action.

Paragraph 7 asks for relief for waste alleged to have been committed after the commencement of the first cause of action. This falls within the rule requiring existence of the cause at the time of the bringing of the initial action in order for a judgment thereon to preclude it. *See Sanwick v. Puget Sound Title Ins. Co.,* 70 Wn.2d 438, 423 P.2d 624, 38 A.L.R.3d 315 (1967); *Symington v. Hudson,* 40 Wn.2d 331, 243 P.2d 484 (1952). The plaintiff may pursue this claim.

Paragraph 8 raises a new cause of action requiring different proof than that required for the initial action. A new subject matter is raised, and the plaintiff may likewise pursue that claim.

The summary judgment entered is sustained and affirmed insofar as it dismisses the claims made in para-

graphs 4 and 5. It must be set aside and reversed with regard to paragraphs 3, 6, 7 and 8.

HOROWITZ, C.J., concurs.

WILLIAMS, J., concurs in the result.

Petition for rehearing denied December 26, 1972.

Review denied by Supreme Court February 21, 1973.