[No. 66212-6. En Banc.]
Argued September 10, 1998. Decided January 7, 1999.

THE CIVIL SERVICE COMMISSION OF THE CITY OF KELSO, *Respondent*, v. THE CITY OF KELSO, *Respondent*, DARRELL STAIR, ET AL., *Petitioners*.

168

*Jaime B. Goldberg,* for petitioners.

*Law, Lyman, Daniel, Kamerrer & Bogdanovich,* by *Guy M. Bogdanovich*; and *C. Leroy Borders, City Attorney,* for respondents.

D<small>URHAM</small>, C.J. — Officer Darrell Stair and the Kelso Police Benefit Association challenge a Court of Appeals' decision affirming Stair's 10-day disciplinary suspension from the Kelso Police Department. At issue is whether a Civil Service Commission decision upholding the suspension bars Stair from challenging the suspension in arbitration under his collective bargaining agreement. We reverse the Court of Appeals and hold that Officer Stair may pursue his claims in both tribunals.

## FACTS

The City of Kelso (the City) suspended Stair from the

Kelso Police Department for two and one-half days after his negligence during a high speed chase caused a traffic accident. Officer Stair was informed that he had 10 days to file an appeal of the suspension with the Civil Service Commission (the Commission). On May 24, 1994, Stair requested an appeal. On the same day, Stair and the Kelso Police Benefit Association (the Union) initiated a grievance procedure to challenge the suspension pursuant to the collective bargaining agreement between the Union and the City.

While Stair's grievance under the collective bargaining agreement proceeded through the necessary steps, the civil service process moved more rapidly. After hearing Stair's appeal on August 11, the Commission issued an order on September 6. The Commission found Stair had broken several traffic laws and violated police department regulations that limit the number of patrol cars that can participate in a high speed chase. It concluded that a two and one-half day suspension was insufficient in light of this conduct, and increased the suspension to 10 days.

On November 2, Officer Stair and the City participated in an arbitration hearing to determine if the City had just cause to suspend Stair under the terms of the collective bargaining agreement. The City argued at the outset that the Commission's decision precluded relitigation of Stair's suspension, but the arbitrator disagreed and the hearing proceeded. On December 30, the Opinion and Award issued by the arbitrator found that although Stair had violated police department regulations and traffic laws, the City did not have just cause to suspend him. The arbitrator ordered the City to decrease Stair's suspension to a written reprimand.

On January 23, 1995, the Commission filed a complaint asking the Cowlitz County Superior Court to declare the Commission's earlier order final and binding on all parties. The Superior Court held that the Commission's decision had res judicata effect and barred Stair from arbitrating his grievance under the collective bargaining agreement.

The Court of Appeals agreed, explaining that although Stair was entitled to pursue both remedies concurrently, the doctrine of res judicata precluded further prosecution after a final judgment was obtained in either suit.

## BACKGROUND

RCW 41.12 allows cities to establish their own municipal codes to regulate the qualifications, tenure and discipline of a city's police department employees. Pursuant to RCW 41.12.010, the City of Kelso enacted civil service rules governing the employment conditions for the city's police staff. Kelso Civil Service Rule 8, section 2 states that no employee shall be suspended, except for cause, and allows employees to petition for review of suspensions to the Civil Service Commission. If an employee challenges his suspension, the Commission conducts a public hearing to determine whether the discipline was impermissibly imposed for religious or political reasons, or was properly made "in good faith and for good cause." After the hearing, the Commission affirms or modifies the terms of the suspension. The employee may then appeal the decision to the Cowlitz County Superior Court.

RCW 41.56 recognizes public employee unions and permits public employees to contract for employment rights, including grievance procedures. As allowed by RCW 41.56.010, the Union and the City entered into a collective bargaining agreement that covers most aspects of the employer/employee relationship such as hours, vacation, insurance, promotions and grievance procedures. Under this labor contract, the Kelso Police Department may not suspend an employee without "just cause." If an employee chooses to challenge a suspension, the contract requires the employee to raise his grievance first with the Chief of Police. If the issue is not resolved, the grievance may be presented to the City Manager, after which either party may refer the grievance to arbitration. Both parties together choose a neutral arbitrator to resolve the dispute. The arbitrator's decision is final and binding.

Employees in the Kelso Police Department are thus covered by the Kelso civil service rules, and additionally by their bargained-for rights in the collective bargaining agreement. The collective bargaining agreement contains no election of remedies clause. Under these two sets of regulations, Kelso police officers have two available avenues through which to pursue a grievance. Officer Stair pursued both appeals processes with equal fervor and the arbitrator concluded that Stair never waived his right to arbitration.[1] Thus, at issue is whether the doctrine of res judicata barred review by the arbitrator after the Commission affirmed Officer Stair's suspension.

## ANALYSIS

■ ■ Res judicata prevents the relitigation of claims that were brought in a prior action. "For [res judicata] to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). *See also Snyder v. Munro*, 106 Wn.2d 380, 383, 721 P.2d 962 (1986). Two causes of action are identical for purposes of res judicata if (1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts. *Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983). The doctrine of res judicata does not apply where the claims are not the same. *International Bhd. of Pulp, Sulphite & Paper Mill Workers v. Delaney*, 73 Wn.2d 956, 960, 442 P.2d 250 (1968).

■ The parties ask this court to decide whether, as a

---

[1]Waiver of the right to arbitrate under a contract occurs only where a party's conduct is inconsistent with any other intent but to forgo arbitration. *Shoreline Sch. Dist. No. 412 v. Shoreline Ass'n of Educ. Office Employees*, 29 Wn. App. 956, 958, 631 P.2d 996 (1981).

matter of law, the doctrine of res judicata applies in Washington to prevent the subsequent arbitration of an issue already decided by a Civil Service Commission. In order to reach this issue, we must first determine that res judicata is implicated by the facts of this case. The party asserting the defense of res judicata has the burden of proving that the claim was decided in the prior adjudication. *Rufener v. Scott*, 46 Wn.2d 240, 245, 280 P.2d 253 (1955) (where it does not appear from the record that the matter was necessarily adjudicated in the former action, a person relying upon the doctrine of res judicata bears the burden of proving that such issue was involved and actually determined); *see also Bradley v. State*, 73 Wn.2d 914, 917, 442 P.2d 1009 (1968).

 The Commission has not met its burden of showing that the causes of action brought before the arbitrator and the Commission are the same. On the contrary, it would appear from the record that the civil service hearing and the arbitration involved the consideration of different evidence and adjudicated the infringement of different rights. The civil service hearing evaluated Officer Stair's suspension under the Kelso civil service ordinance to determine whether his suspension was "in good faith and for cause." In contrast, the arbitrator evaluated Officer Stair's more expansive rights under the collective bargaining agreement which allowed discipline only for "just cause." These two standards are not the same.

The Civil Service Commission concluded that Officer Stair had been suspended "in good faith and for cause."[2] The Commission found that he had violated police department policy and broken several traffic laws. It further found that Officer Stair's suspension was not motivated by

---

[2]RCW 41.12.090 and the Kelso civil service rules each phrase the applicable standard in slightly different ways. RCW 41.12.090 requires the Civil Service Commission to determine whether a disciplinary action is made "in good faith for cause." The Kelso civil service rules state that an employee may be disciplined only "for cause" and that the Commission must determine whether the discipline was "in good faith and for good cause." The Kelso Civil Service Commission concluded that Officer Stair had been suspended "in good faith and for cause." These standards appear to be synonymous.

political or religious reasons. Based on these findings, the Commission concluded that Officer Stair's punishment was valid under the civil service standard. No additional findings were relied upon to determine that Stair's discipline was administered in good faith and for cause.

There is no suggestion that the Commission applied the "for cause" standard improperly under RCW 41.12.090. Although this court has yet to give a precise definition to this standard, the statute has not previously been interpreted to require the Commission to consider any factors apart from the particular allegation of wrongdoing and the employer's motivation for the disciplinary action. *See, e.g.,* *Nickerson v. City of Anacortes*, 45 Wn. App. 432, 725 P.2d 1027 (1986) (discharge based on illegal conduct upheld under civil service ordinance absent discussion of other factors such as mitigating circumstances); *Benavides v. Civil Serv. Comm'n*, 26 Wn. App. 531, 613 P.2d 807 (1980) (discharge based on incompetence upheld, without discussion of other factors, because no indication of bad faith).

In contrast, the collective bargaining agreement ensures that no officer will be disciplined except for "just cause." "Just cause" is a term of art in labor law, and its precise meaning has been established over 30 years of case law. Whether there is just cause for discipline entails much more than a valid reason; it involves such elements as procedural fairness, the presence of mitigating circumstances, and the appropriateness of the penalty. Raymond Hogler, *Just Cause, Judicial Review, and Industrial Justice: An Arbitral Critique*, 40 LAB. L.J. 281, 286 (1989). Seven factors are considered in determining whether there was just cause for discipline, including whether the employer applied its rules even-handedly, and whether the degree of discipline was reasonably related to the seriousness of the infraction given the employee's record of service. Donald S. McPherson, *The Evolving Concept of Just Cause: Carroll R. Daugherty and the Requirement of Disciplinary Due Process*, 38 LAB. L.J. 387, 403 (1987).

In this case, the arbitrator used the seven factors as guidelines. She remarked:

> When applying the just cause standard, an arbitrator's first consideration is whether an employee is guilty of the misconduct alleged. A second consideration, unless contractually precluded, is whether the severity of the disciplinary action is reasonably related to the seriousness of the proven offense(s) and the employee's prior record.

Clerk's Papers at 43-44. The arbitrator agreed with the Commission's findings that Officer Stair violated department regulations. However, the arbitrator further considered Stair's strong record as a police officer, the fact that other Kelso police officers have received only written reprimands after accidents, and the mitigating factor that Officer Stair was in hot pursuit of a dangerous suspect when the accident occurred. Based on these considerations, the arbitrator held that under the collective bargaining agreement there was not "just cause" for suspension, and reduced Officer Stair's penalty to a written reprimand.

The arbitrator concluded that the Commission's earlier decision that Officer Stair was suspended in good faith and for cause was not consistent with the application of the just cause standard required by the arbitration contract. The arbitrator is the ultimate authority to decide disputes over contract interpretation. *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 764, 103 S. Ct. 2177, 76 L. Ed. 2d 298 (1983). The arbitrator's interpretation of the meaning of "just cause" and her conclusion that the just cause standard was not applied by the Commission may not be second-guessed by this court. *W.R. Grace*, 461 U.S. at 765.

Thus, although at first blush the Commission and the arbitrator appear to be deciding the same issue (whether Officer Stair's suspension was valid), the civil service hearing was based on a statutory right, while the arbitration was based on a more expansive contractual right. The Kelso Police Department was constrained by the civil service ordinance not to suspend Officer Stair except "in good faith and for good cause." It was further constrained under the collective bargaining agreement because it voluntarily contracted not to suspend an officer without "just cause."

The evidence necessarily considered in applying each standard was not substantially the same. The Commission focused on whether Stair violated department regulations; the arbitrator examined whether the punishment was appropriate in proportion to his offense.[3] While the Commission may have correctly determined that the police department had cause to suspend Officer Stair under the civil service rules, this is not determinative of whether the police department had the authority to suspend him under the voluntary contract it had entered into with the Union.

A statutory cause of action and a claim based upon the terms of a contract may, in some circumstances, be sufficiently similar to require the application of res judicata principles. However, this court has previously stressed the fundamental difference between such causes of action. In *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 731 P.2d 497 (1987), *overruled on other grounds by Phillips v. City of Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989), this court held that pursuing a remedy under a collective bargaining agreement did not bar a subsequent Title VII action.

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence.

*Reese*, 107 Wn.2d at 576 (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)). The United States Supreme Court echoed this sentiment a year later in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988). In that case, the Court sought to determine whether an employee's claim of retaliatory discharge was preempted

---

[3]The difference in the substance of the two analyses is underscored by the fact that the Commission's decision is a sparse document that lists nine findings of fact and four conclusions of law. In contrast, the arbitrator's opinion is an in-depth examination of numerous factual and contractual issues.

by federal law. The analysis hinged on whether the state statutory claim of retaliatory discharge conflicted with the grievance brought under the collective bargaining agreement, governed by federal labor law. The Court held that it did not. Although the two claims involved the same factual considerations, the statutory claim did not turn on the meaning of any provision in the collective bargaining agreement, and thus the Court considered the two claims to be independent. *Lingle*, 486 U.S. at 409-10.

The different nature of the two claims brought in this case is evidenced by the fact that even if each of the Civil Service Commission's factual findings were given stare decisis effect, the arbitrator's ultimate conclusion that there was no just cause for the suspension would remain the same. The disagreement between the two tribunals was not based on conflicting findings, but rather on the application of a different legal standard.

Furthermore, Officer Stair could not have raised his contract claim before the Civil Service Commission. Article XIX, section 2, of the collective bargaining agreement provides that all grievances under the contract must be resolved through arbitration. Labor contract interpretation is completely outside the scope of the Civil Service Commission's expertise and authority under RCW 41.12.040. Thus, the claim that Officer Stair's suspension violated the just cause standard under the collective bargaining agreement could not have been raised earlier in the civil service context.

Therefore, we reverse the Court of Appeals and hold that the doctrine of res judicata does not bar the arbitration of Officer Stair's grievance under the collective bargaining agreement. Although this resolution allows duplicative review of disciplinary actions, such inefficiency must be resolved by the parties when they next negotiate their collective bargaining agreement. Often, where a State enacts collective bargaining laws against a backdrop of existing civil service laws, the parties will specify that only one avenue of appeal is available. Ann C. Hodges, *The Interplay of*

*Civil Service Law and Collective Bargaining Law in Public Sector Employee Discipline Cases*, 32 B.C. L. REV. 95, 159 (1990). Several other cities in Washington that have contracted with public employee unions have bargained for election of remedies provisions that force the employee to choose which remedy to pursue.[4] However, where the two appeal processes are concerned with different substantive rights, this court will not impose an election of remedies clause where none was bargained for by the parties.

■ The Commission also argues that the priority of action doctrine bars the arbitration. The priority of action doctrine is generally applied only if the two cases involve identical subject matter, parties and relief. The identity must be such that a decision of the controversy by one tribunal would, as res judicata, bar further proceedings in the other tribunal. *International Ass'n of Firefighters v. City of Yakima*, 91 Wn.2d 101, 587 P.2d 165 (1978). Because res judicata does not prevent Stair from arbitrating his grievance, the priority of action doctrine likewise will not bar the arbitration.

## CONCLUSION

Res judicata is not implicated by the facts at hand because the causes of action are not identical. The Commission's decision that the Kelso Police Department had not violated the civil service rules does not preclude Stair from enforcing his additional rights under the collective bargaining agreement. The collective bargaining agreement guaranteed Officer Stair the right to be suspended only for "just cause." The Commission has not met its burden of proving that the infringement of that contractual right was litigated in the civil service hearing.

DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and SANDERS, JJ., concur.

---

[4]Clerk's Papers at 112 (Collective Bargaining Agreement Between Clark County, Washington and the Clark County Sheriffs' Guild, 1992-1994, at article 18, section 18.9); Clerk's Papers at 147 (Labor Agreement By and Between the City of Bremerton and Bremerton's Patrolmens' Ass'n, Jan. 1, 1992 through Dec. 31, 1994, at article 19, section 19.3).

178

TALMADGE, J. (concurring) — I concur in the majority opinion with respect to the application of res judicata and the priority of action doctrine in this case. However, I write separately to emphasize the precise perimeters bounding those legal doctrines, given the unique factual pattern here. Officer Stair's counsel filed an appeal to the Kelso Civil Service Commission (Commission) and Officer Stair's union simultaneously filed a grievance under the collective bargaining action with the City of Kelso (Kelso). It was only when Officer Stair received the earlier, and substantially unfavorable, decision of the Commission that the collective bargaining agreement remedy became his remedy of choice.[5]

The majority correctly discerns the legal remedies afforded under the provisions of Kelso's civil service law and the collective bargaining agreement are sufficiently different that Officer Stair is not precluded from pursuing his remedy under the collective bargaining agreement in this case.[6] However, it should be emphasized there can be circumstances where the *factual determinations* of an administrative agency like the Commission could have preclusive effect for the collective bargaining agreement grievance decision. In *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 745 P.2d 858 (1987), we specifically held an administrative determination of fact by the Bremerton Civil Service Commission had preclusive effect in a subsequent civil suit. There is no principled reason why this would not also be true for a collective bargaining agreement grievance arbitration.

The majority states that even if each of the Commission's factual findings were given preclusive effect, the arbitrator's decision on just cause under the collective bargaining agreement for the officer's suspension would

---

[5]The record suggests forum shopping may have been undertaken for Officer Stair. We should not condone parties' seeking out the most favorable forum and then, if they lose, seeking another forum for a second bite at the apple.

[6]At trial, Officer Stair never articulated this precise distinction between the remedy afforded him under the collective bargaining agreement and the Kelso civil service rules.

nevertheless stand. Majority op. at 176. If, for example, the Commission had found Officer Stair had broken several traffic laws and violated police department regulations regarding high speed chases, but the arbitrator in the grievance proceeding determined that Officer Stair did not break several traffic laws or violate police department regulations, the arbitrator's decision on such factual issues would have to give way to the prior decision of the Commission where it had jurisdiction over the parties and issues in the case.

The legal standards applicable to the Commission's decision and the arbitrator's decision under the collective bargaining agreement were sufficiently different that Officer Stair is not barred by principles of res judicata or the priority of action doctrine from proceeding with the arbitration. The factual determinations, however, of an administrative body may have preclusive effect on an arbitration in the proper case.