M. H. PINNIX v. L. A. SMITHDEAL.

(Filed 9 November, 1921.)

1. **Statute of Frauds—Contracts—Lands—Resales—Division of Profits.**
   A parol contract for the resale of lands for a division of the profits is not within the statute of frauds, and is enforceable.

2. **Limitation of Actions—Contracts.**
   The statute of limitations does not begin to run against one claiming a right under a parol contract to share in the profits of land from a resale, until the time agreed upon as that upon which the division thereof shall be made ; and he has his election to await therefor until the time specified.

**3. Appeal and Error—Theory of Trials—Objections and Exceptions.**

Where, in an action to recover a division of the profits upon a resale of land, there are issues submitted as to the validity of a parol contract, or whether the plaintiff was entitled to recover for his services under a *quantum meruit*, and the defendant, by his plea and all the testimony available to him, directed his defense exclusively to the definiteness of the evidence to stablish an express agreement, he is precluded from insisting on an appeal upon an exception entirely inconsistent with the position maintained by him on the trial as to the insufficiency of the evidence upon the second issue, as to the *quantum meruit*.

**4. Limitation of Actions—Pleadings—Evidence—Burden of Proof.**

The burden of pleading the statute of limitations is upon the defendant relying thereon, but when properly pleading the burden of proof is on the plaintiff to show that his cause of action comes within the statutory period, and it is reversible error for the judge in his charge to place this burden on the defendant.

**5. Appeal and Error—New Trials—Issues.**

Where an action for breach of contract for the resale of land and division of profits has been submitted to the jury upon one issue as to the damages and the other as to the statute of limitations set up and properly pleaded as a defense, and there is involved the question of plaintiff's recovery upon a *quantum meruit* against which the statute has evidently run, but not as to the breach of contract alleged; and the court has erroneously placed the burden upon the defendant to show that the statute had run against the plaintiff's action, and the verdict of the jury is in exact accordance with the plaintiff's demand, without allowing deduction for defendant's expenses, a new trial will be granted on appeal, upon both issues, it not distinctly appearing that the error committed has not prejudiced the entire verdict. *Poindexter v. Call, ante,* 366, cited and distinguished.

APPEAL by defendant from *Finley, J.,* at the March Term, 1921, of GUILFORD.

Civil action to recover one-half of profits accrued from a deal in real estate alleged by plaintiff to be due from defendant. There was denial of liability and plea of statute of limitations. On issues submitted the jury rendered the following verdict:

"1. What amount, if any, is plaintiff entitled to recover of defendant? Answer: '$2,218.24, with interest at 6 per cent from 6 March, 1921.'

"2. Is the plaintiff's claim or any part thereof barred by the statute of limitations? Answer: 'No.' "

Judgment for plaintiff, and defendant excepted and appealed.

*Wilson & Frazier for plaintiff.*
*King, Sapp & King, Fentress & Jerome for defendant.*

HOKE, J. There were allegations with evidence on the part of plaintiff tending to show that in September, 1914, plaintiff, an agent who had made some successful deals in real estate, was approached by defendant with a request that if plaintiff found a desirable investment of that kind, defendant would advance the money, and on resale they would divide the profits equally; that soon thereafter plaintiff found a piece of property in Greensboro, known as the Hawkins place, and same was purchased by defendant pursuant to agreement. It being considered desirable that some improvements should be made on the property, plaintiff undertook to supervise this work, and about the time, or soon after it was completed, and the property rented, plaintiff, in December, 1914, suggested that the agreement between them be reduced to writing, the parties having met for that purpose, there was a dispute between them as to how much interest defendant should be allowed on the money he had advanced for the purchase and improvements.

The evidence showed that defendant had procured this money by a sale of some bank stock on which he was realizing 8 per cent, payable semi-annually, and he contended the agreement was that in adjustment of this matter he was to be allowed the same per cent. Plaintiff denying this, no written or further agreement was made about it, defendant testifying in reference to this interview that when the disagreement arose, plaintiff said he would proceed to sell, and defendant replied, "No you wont sell my property. You haven't invested a cent in it."

The facts in evidence tended further to show that defendant retained control and possession of the property, renting it, etc., till 5 March, 1919, when he sold same at a profit, according to plaintiff's testimony, of $4,436.48, and one-half of same, $2,218.24, being plaintiff's share as per their agreement, defendant's evidence being to the effect that the entire profits were about $2,000, or a little more. And there were other facts in evidence which may have tended to render the alleged agreement indefinite. There was also evidence as to the character of plaintiff's service in supervising the improvements, and the time he gave to this work; that on sale being made, plaintiff had demanded the share of the profits alleged to be due him, and payment was refused. Upon this, a sufficient statement to a proper apprehension of the questions presented, the case was submitted to the jury in two aspects of liability, one under and by virtue of the express agreement to divide the profits, and another on a *quantum meruit* for services rendered, in case the first position should not be sufficiently proved. As to the express agreement, the contract, if so established, being for a division of profits on and after a sale of realty, is not within the statute of frauds. *Bourne v. Sherrill,* 143 N. C., 381; *Michael v. Foil,* 100 N. C., 178.

And under the express terms of the agreement, this division of the profits to take place after the sale, the statute of limitations would not

begin to run until a sale was had, and defendant by his mere verbal effort to repudiate the agreement in 1914, even if his words amounted to that, could not force the plaintiff to presently commence suit, but he was entitled at his election to await for division the time that the agreement specified, under principle approved in *Smith v. Allen,* 181 N. C., 56; *Helsabeck v. Daub, Admn.,* 167 N. C., 205; *Smith v. Lumber Co.,* 142 N. C., 26; *Markham v. Markham,* 110 N. C., 356. And as to the *quantum meruit,* while there seems to be very little evidence to justify a submission of that question, the objection is not open to defendant on the record, as he by plea and all the testimony available to him, was endeavoring to show that the pertinent facts were too indefinite to establish an express agreement, in which event the issue could have been properly submitted on a *quantum meruit.* On authority he should be precluded from insisting, on an exception so entirely inconsistent with the position maintained by him in the trial of the cause. *Smith v. Lipsitz,* 178 N. C., 100; *Brown v. Chemical Co.,* 165 N. C., 421; *R. R. v. McCarthy,* 96 U. S., 258.

On the second issue, that as to the statute of limitations, the court charged the jury that the burden of the issue was on the defendant, and the question was considered under that ruling. The law puts the burden of pleading the statute of limitations on a defendant, but. when properly pleaded, the burden is then on the plaintiff to show that his cause of action comes within the statutory period. *Sprinkle v. Sprinkle,* 159 N. C., 81. The charge of his Honor, therefore, is clearly erroneous. And on the record we are of opinion that there should be a new trial as to both issues. As heretofore stated, the first issue was submitted in two aspects, on the express agreement, and on a *quantum meruit.* As to the first, the statute of limitations could in no event affect the question, as the suit was commenced within a few days after the sale. But on the second ground of imputed liability, the statute of limitations would bar the claim, the evidence showing that the services involved in such a position were rendered more than four years before suit brought, and although it would seem that the jury in determining the first issue have accepted plaintiff's version of the matter, both as to an express agreement and the amount due thereunder, we cannot be so assured of this as to say that the error in the statute of limitation may not in any way have affected the result. While we have found no error in the determination of the first issue, which is not covered by any exception, it is clear from a perusal of the evidence that the profits claimed on a resale have been estimated on an improper basis. Under an alleged express agreement for profits on a sale of the property, defendant has been charged with the full amount of the sale, all the rents collected, and

has been allowed nothing either for interest on the investment or for taxes or any other expenses incident to the ownership and control of the property or the collection of the rents.

Considering the question briefly in a recent decision, *Samatt v. Klapp*, 181 N. C., 503, the Court said: "Profit implies without more, the gain resulting from the employment of capital, the excess of receipts over expenditures and so understood, the expenses must be deducted before the profits can be ascertained." Apart from this and in the absence of express agreement affecting the matter, in any fair estimate of profits when rents are considered as an item of charge, the interest on the capital invested must be allowed for by way of reduction. The court seems to have left this question of interest to the jury, but in a case of this character the adjustment of profits growing out of a contract, the allowance of interest at the legal rate is of right and should not be left to a jury's discretion. *Bond v. Cotton Mills,* 166 N. C., 20.

In this aspect of the record we cannot say of a certainty that the jury may not have awarded recovery on the theory of a *quantum meruit,* and merely adopted plaintiff's estimate as a guide to the conclusion arrived at. We are not inadvertent to a decision at the present term to the effect that when an issue determinative of the controversy has been properly settled that an error committed in the determination of a second issue will not be allowed to affect the result. *Poindexter v. Call, ante,* 366. But this is where the two are on separate questions, and it is clear that the finding on one could in no way have injuriously affected the decision of the other. But not so here, where the finding of the issue on the statute of limitations under an erroneous ruling may have very real significance from the manner in which the first issue was presented and necessarily considered by the jury.

For the error indicated, plaintiff is entitled to a new trial on both issues, and it is so ordered.

New trial.