[No. 22338.   Department One.   April 28, 1930.]

HARRY BOYER *et al., Appellants,* v. THE CITY OF YAKIMA, *Respondent.*[1]

*Grady & Velikanje,* for appellants.
*Rigg, Brown & Halverson,* for respondent.

PARKER, J.—The plaintiffs Boyer commenced this action in the superior court for Yakima county seeking recovery of damages from the defendant, city of Yakima, claimed as the result of a breach by the city of its contract with them for their construction for it of a reservoir and appurtenances thereto as a part of its waterworks system.   The city demurred to the plaintiffs' complaint; which demurrer was by the su-

[1]Reported in 287 Pac. 211.

perior court sustained; and, the plaintiffs electing to not plead further and stand upon their complaint, final judgment of dismissal was rendered against them, from which they have appealed to this court.

The demurrer is general in terms, being directed to the whole of the complaint and not separately to either of the four damage causes of action therein set forth. The sustaining of the demurrer by the superior court was manifestly rested upon the ground that appellants cannot recover upon either of their causes of action, because neither of their claims upon which they seek recovery was timely presented to the commissioners (city council) of the city of Yakima, in compliance with Rem. Comp Stat., § 9481, as a prerequisite to suing thereon. This is the principal question here presented by counsel for our consideration, all others being incidental thereto. The facts controlling of this question are the same as alleged in each cause of action. The facts alleged in each of the four causes of action differ only in items of claimed damages. We therefore summarize the controlling facts as alleged in the first and principal cause of action, the others being for other items of lesser claimed damages rested upon the same alleged breach of contract by the city.

On January 10, 1927, appellants entered into a contract with respondent city by the terms of which they agreed to construct for the city a reservoir, with its appurtenances, to become a part of its waterworks system, they to furnish all necessary labor and material therefor, according to plans and specifications made part of the contract, and complete the same on or before April 1, 1928. It was agreed that appellants should be compensated for the work according to agreed unit prices, payable in installments from time to time as the work progressed. Appellants promptly proceeded with the work, and on October 3, 1927, had

accomplished seventy-five per cent to eighty per cent of the whole of the work called for by the contract; the work to that extent having been performed according to the contract. On that day, while appellants were proceeding with the work in compliance with the contract, the city caused to be served upon them a written notice reading as follows:

"You, and each of you, are hereby advised that the city commission on the 3rd day of October, 1927, canceled and terminated your contract with the city relative to the furnishing of material and constructing of improvements as described in schedule D of the plans and specifications for the municipal water system of the city of Yakima, Washington; and

"You are further advised that the city commission has ordered and does now order you to cease work under said contract and that you and all of your employees and agents are ordered to vacate the premises; and

"You are further notified that the city commission has elected to assume control of the work and to seize all machinery, tools and materials on hand, belonging to you, and to use the same to complete the work at the contractors' expense."

Thereupon appellants, not being in the least physically disturbed by the city in their possession of the premises or their continuance of the work, proceeded with the work in accordance with the contract, ignoring the city's notice of cancellation of the contract and declining to treat such notice as a present breach of the contract by the city. On February 9, 1928, the city

". . . entered upon the premises where the work had been carried on, took possession of the machinery and equipment of the plaintiffs and materials on the ground which the plaintiffs had procured for the carrying out of the contract, and proceeded to and did thereafter complete the work called for in the contract. These acts of the defendant were arbitrary and capricious and without cause or provocation, in that at all

times the plaintiffs had in all respects complied with their contract.''

As a result of this breach of the contract by the city preventing appellants from completing the work of the contract, they were damaged by the loss of profits in the sum of $14,322.

''After the defendant entered upon said work and took possession thereof on February 9, 1928, and within thirty days therefrom, plaintiffs duly and regularly presented to the city commission of the city of Yakima and filed with the city clerk their claim for damages in said sum of $14,322.''

After the expiration of sixty days following the presentation of appellants' claim to the city and the city neglecting to act thereon by either allowing or disallowing it, which, it is conceded, was in legal effect a disallowance of it, appellant commenced this action.

Section 9481, Rem. Comp. Stat., relating to the presentation of claims to cities of the class to which Yakima belongs, reads, in so far as need be here noticed, as follows:

''All claims for damages against any city or town of the second, third, or fourth class must be presented to the city or town council and filed with the city or town clerk within thirty days after the time when such claim for damages accrued: . . . No action shall be maintained against any such city or town for any claim for damages until the same has been presented to the council and sixty days have elapsed after such presentation.''

What now must be regarded as the time of the accrual of appellants' claim for damages against the city for the purpose of starting the running of the thirty-day limitation for its presentation to the city? It is contended in behalf of the city that appellants' claim accrued for that purpose on October 3, 1927, when the city gave to appellants its notice of cancellation of the

contract; and that, since their claim was not presented to the city until more than thirty days thereafter, it is barred, and therefore appellants' claim of recovery against the city must be denied. It is contended in behalf of appellants that, while they had the right to elect to regard the claim for damages as against the city as accruing on October 3, 1927, the date of the city's notice of cancellation of the contract, they were not required to exercise that right of election, but had the right to elect and regard their claim as accruing on February 9, 1928, when the city first took from them physical possession of the premises and the work; and further contend that they even had the right to elect and regard their claim as accruing on April 1, 1928, the agreed date for the completion of the work.

In *Boyer v. Yakima,* 150 Wash. 421, 273 Pac. 188, wherein injunctive relief was sought against the city to prevent its breach of this same contract and such relief was·denied because appellants were there held to have an adequate remedy by way of damages, we said:

"For the wrongful breach of the contract by respondent, it immediately became liable in damages, in such sum as would compensate appellants for being deprived of its benefits."

Nothing was there said touching appellants' right to elect a later date within the agreed time for performance of the contract to be regarded as the time of the accrual of their damage claim for the purpose of starting the running of the thirty-day limitation for the presentation of their claim to the city. Our problem is not as to whether appellants may regard the notice of cancellation of the contract by the city on October 3, 1927, as a breach of the contract and the then accrual of a cause of action in their favor for damages therefor against the city; but whether, for the purpose of start-

ing the thirty-day limitation running, appellants were required to regard that notice of the city as a breach of the contract and the then accrual of a damage claim for such breach. The law touching the rights of a party to a contract injured as appellants are alleged to have been injured, is well stated in the leading case of *Lake Shore & M. S. R. Co. v. Richards,* 152 Ill. 59, 30 L. R. A. 33, as follows:

"It is well settled that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: he may treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and, at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing. In the latter case the contract would be continued in force for that purpose."

In the text of 37 C. J. 816, the applicable law seems to us to be well stated, in the light of the authorities, as follows:

"According to the rule that, where one party to an executory contract renounces it before full performance has been made by the other, the latter is not bound to continue to perform but may sue at once for the breach, it is held that the statute begins to run from the time of the renunciation, but not until then. But in order for this rule to apply the party to whom the renunciation is made must accept it as a breach and treat the contract as at an end."

*Roehm v. Horst,* 179 U. S. 1; *Ga Nun v. Palmer,* 202 N. Y. 483, 96 N. E. 99, 36 L. R. A. (N. S.) 922; *Pinnix v. Smithdeal,* 182 N. C. 410, 109 S. E. 265; *Wold v.*

*Wold*, 138 Minn. 409, 165 N. W. 229; *Heery v. Reed*, 80 Kan. 380, 102 Pac. 846; *Ross v. Tabor*, 53 Cal. App. 605, 200 Pac. 971; 3 Elliott on Contracts, § 2033; Donnelly's Law of Public Contracts, § 305. We are of the opinion that appellants had the right to ignore the city's notice of cancellation of the contract on October 3, 1927, as a breach of the contract, especially since they were not then physically disturbed in the continuance of the work under the contract; and had the right to regard the taking from them by the city of the physical possession of the premises and work on February 9, 1928, as a breach of the contract and there then accruing a cause of action in their favor for damages on account thereof. Clearly, we think appellants were not required to present their claim to the city at an earlier date than within thirty days thereafter, in order to prevent the starting of the running of the prescribed thirty-day period for the presentation of such claims. We conclude that the alleged facts above summarized show that appellants' claim for damages is not barred for want of timely presentation of their claim to the city.

Contemporaneous with the filing of the city's demurrer to appellants' complaint, it moved the trial court to strike from the complaint certain portions thereof, particularly the allegations relating to the disposition of a prior injunction action prosecuted by appellants against the city looking to restraining the city from canceling the contract and preventing appellants from proceeding with the work thereunder. The court granted this motion, in blanket form, leaving in the complaint most of the allegations of facts as we have above summarized them. This motion and its disposition would be of no practical consequence in our present inquiry if it were not for the fact that the trial court struck from the complaint some allegations of

facts in addition to the portions thereof alleging the prior injunction litigation; which additional allegations so stricken we deem material and have embodied them in our above summary of what we conceive to be the controlling alleged facts. These are the allegations of the city's taking from appellants physical possession of the premises and work on February 9, 1928. We therefore conclude that the granting of the motion to strike was at least to this extent erroneous. As to what extent evidence may become material touching the injunction proceedings, we leave undecided at this time. We now decide only that the order in blanket form granting the motion was erroneous.

Finally, we conclude that appellants' complaint states ground for relief by way of damages as against the city; which relief has not been barred for want of timely presentation of appellants' claim for damages to the city. The judgment of dismissal is reversed and the cause is remanded to the superior court for further proceedings in harmony with the views we here express.

MITCHELL, C. J., BEALS, MILLARD, and TOLMAN, JJ., concur.