IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN M. HEEB, | ) | No. 29050-6-III |
| | ) | (consolidated with |
| Appellant, | ) | No. 29051-4-III) |
| | ) | |
| v. | ) | |
| | ) | |
| CARL N. WARRING, | ) | |
| WARRING LAW FIRM, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| STEVEN M. HEEB, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARY MAHANEY OTEY, | ) | UNPUBLISHED OPINION |
| ATTORNEY AT LAW, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, A.C.J. — The trial court granted summary judgment dismissing two actions by Steven Heeb against his former lawyers, concluding that they were barred as a matter of law by the statute of limitations and res judicata. Mr. Heeb appeals. We agree with the trial court and affirm.

## FACTS AND PROCEDURAL BACKGROUND

*Historical Disputes and Lawsuits*

Unlike most of our opinions dealing with facts unrelated to lawsuits that lead to a lawsuit, this case involves a history of lawsuits leading to two current lawsuits. The following background is somewhat disjointed because several disputes were ongoing between Steven Heeb and his lawyers between 2001 and 2009. We have organized the background chronologically due to the importance of the statute of limitations and res judicata to dismissal of Mr. Heeb's actions by the trial court.

Steven Heeb retained lawyer Carl Warring and the Warring Law Firm to represent him in several matters beginning in August 1999. The representation ended in July 2001, when the law firm filed a notice of intent to withdraw from representing Mr. Heeb in his marriage dissolution proceeding as a result of Mr. Heeb's nonpayment of fees.

After withdrawing, Mr. Warring and the law firm brought a collection action against Mr. Heeb to recover the fees owed. The action was filed in August 2001. Mr. Heeb defended on the basis that the fees were excessive. Mr. Warring and the law firm prevailed in a bench trial, recovering a $17,727.50 judgment. The judgment resolving this first, 2001 collection lawsuit between Mr. Heeb, Mr. Warring, and the law firm was entered in February 2004. Mr. Heeb filed a motion several months later in an effort to set aside the findings and conclusions but it was denied.

During the course of the collection action, Mr. Heeb complained to the court that Mr. Warring was withholding some of his personal files but the dispute over the files was never formally made a part of the collection action. In March 2004, Mr. Heeb filed a separate action to deal with the files, suing Mr. Warring and the law firm in Adams County. Mr. Warring and the law firm responded that they asserted a possessory lien authorized by RCW 60.40.010(a) but at the same time made several attempts to contact Mr. Heeb in an effort to return his files. An order was entered shortly after Mr. Heeb's 2004 Adams County records action was filed transferring venue of the action to Grant County, where Mr. Warring's office is located.

Meanwhile, Mr. Heeb had not paid Mr. Warring's and the law firm's judgment against him, so they executed on a piece of real property that he owned in Adams County. A sheriff's sale of the property was conducted on April 30, 2004. Mr. Warring was the highest bidder, purchasing the property for $19,144.13. An order confirming the sale was entered on June 7.

A little over a month later, on July 16, Mr. Heeb appeared before the Adams County Superior Court for a hearing on a motion for reconsideration he had filed in the fee collection action. Mr. Warring used that occasion to deliver a box of files to Mr. Heeb at the courthouse under a cover letter identifying the files being returned. During the hearing, the trial judge explained to Mr. Heeb that while he had complained about Mr. Warring withholding his files during the collection lawsuit, the return of the files was not

3

before the court for resolution in that action and "this particular lawsuit, 01[-]2001535 has been completed. What may or may not have happened two or three years ago is really irrelevant at this point because the matter had been concluded." Clerk's Papers (CP) at 27. The trial judge told Mr. Heeb, "It's [the] Court's understanding you got your records back today but if you still want to pursue it, if you don't think you got all of your records then you need to do it in [the new lawsuit transferred to Grant County], not in this one." CP at 26.

The following spring, on the eve of Mr. Heeb's one-year deadline for redeeming the property Mr. Warring had purchased at the sheriff's sale, Mr. Heeb delivered a personal check to Mr. Warring's office in the same amount as the price Mr. Warring had paid the prior year. Mr. Warring mailed the check back to Mr. Heeb, pointing out that the amount of the check (which failed to include interest) was insufficient. Mr. Heeb later tried to pay the correct redemption price of $21,442.12 to the sheriff, but the sheriff refused the late payment.

In June 2005, Mr. Heeb filed what he entitled a "Summons on Complaint for Money Damages" against Mr. Warring and the law firm with the Grant County Superior Court. CP at 151. It was his apparent effort to continue the records action transferred from Adams County.

In August 2005, Mr. Warring sold the property he had purchased from Mr. Heeb at the sheriff's sale to Jose Soledad. Anticipating further disputes over the property from

4

Mr. Heeb, Mr. Warring sold the property to Mr. Soledad without warranties. In September 2005, Mr. Soledad was issued a certificate from the local water utility, Saddle Mountain Water Association, giving him a right to domestic water delivery from the utility. Mr. Heeb and Mr. Soledad's family became embroiled in a several-year dispute over whether the right to service from the water association was a personal property right belonging to Mr. Heeb. A lawsuit over the water right issue was filed in 2005 but Mr. Warring, the law firm, and Mary Mahaney Otey were never named as parties.

Also in August 2005, Mr. Heeb's Grant County record lawsuit was dismissed in response to Mr. Warring's and the law firm's motion to dismiss it for failure to state a claim upon which relief could be granted.

In July 2006, Patrick Acres, a lawyer who represented Mr. Heeb's ex-wife, wrote to Mr. Heeb asking that he sign a qualified domestic relations order (QDRO) to effectuate a division of Mr. Heeb's retirement account that had been ordered in 2001. The letter stated that Mr. Acres had noted the matter for a July 24, 2006 hearing should Mr. Heeb refuse to sign the order. Mr. Heeb did not sign the order. It was entered by the court over his objection in September 2006 and was later modified.

In July 2007, the inactive 2004 Adams County record lawsuit, the venue of which had been transferred to Grant County, was dismissed without prejudice.

5

*Current Lawsuits*

In April 2009, Mr. Heeb commenced the two actions that are before us on appeal. The first action was asserted against Mr. Warring and the Warring Law Firm in a "Complaint for Attorney Misconduct and Grand Theft of Client's Property." CP at 1. The second action was asserted against Ms. Otey, a lawyer formerly employed by the Warring Law Firm, in a "Complaint for Attorney Misconduct and Accessory to Theft of Client[']s Property." CP at 374. The complaints request $6 million in damages from "Carl Warrings Law Firm" and $2 million in damages from Ms. Otey. Twenty-one exhibits, consisting of notices of code violations, excerpts from letters, transcripts of court proceedings, check copies, portions of pleadings, and corporate documents and certificates were attached to each complaint.

The defendants filed answers asserting, among other affirmative defenses, res judicata, collateral estoppel, the statute of limitations, and laches. Shortly after answering, the defendants all moved for summary judgment, relying on a declaration of Mr. Warring in which he recounted the history of the defendants' dealings with Mr. Heeb including the three prior lawsuits between him, his firm, and Mr. Heeb.

Mr. Heeb did not file any declarations in opposition to the summary judgment motion. He did file two unsworn motions "To Strike Defendants['] Support of Reasonable Attorney Fees and Motion to Proceed by Jury Trial" to which he attached a number of documents. CP at 227, 592.

6

After hearing oral argument from Mr. Warring and Mr. Heeb, the trial court granted the defendants' motions for summary judgment. It explained both in its oral ruling and its later written order that the bases for dismissal were (1) with respect to all of the claims, that they were barred by the statute of limitations and (2) with respect to all but Mr. Heeb's complaints about Mr. Warring's alleged failure to prepare a QDRO and his alleged interference with Mr. Heeb's water rights, the actions were barred by res judicata. The trial court made a partial award of the defendants' attorney fees on frivolous action grounds.

Mr. Heeb timely appealed the dismissals.

## ANALYSIS

Mr. Heeb's brief filed with this court assigns error to the timeliness of the court reporter's preparation of a transcript of the summary judgment hearing and the trial court's alleged disparate treatment of Mr. Heeb in conducting the hearing. Beyond that, he asks us to review his complaints and the record to determine for ourselves what he characterizes as injustice administered by the courts.

The trial court granted summary judgment on two clearly articulated legal bases: the statute of limitations and res judicata. These were the principal bases on which the defendants requested summary judgment. While we review an order of summary judgment de novo, *see Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002), it was these defenses to which Mr. Heeb most clearly needed to respond, in the

7

trial court and here. We conclude, as did the trial court, that Mr. Heeb has failed to demonstrate through evidence or argument how he can overcome these defenses.

In a motion for summary judgment, "the moving party bears the initial burden of showing the absence of an issue of material fact." *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). Mr. Warring demonstrated that his representation of Mr. Heeb ended in 2001, that in 2005 he sold the property that he acquired in the execution sale, and that the last of Mr. Heeb's prior lawsuits against him was filed in 2005. He demonstrated that his collection action against Mr. Heeb, in which Mr. Heeb raised complaints about his fees and representation, was resolved by a final judgment in 2004 and that Mr. Heeb's action for return of his files was dismissed under CR 12(b)(6) in 2005. These and related details demonstrated by Mr. Warring satisfy Mr. Warring's, the law firm's, and Ms. Otey's initial burden of showing that Mr. Heeb's claims are barred by the statute of limitations or res judicata.

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [CR 56], must set forth specific facts showing that there is a genuine issue for trial." CR 56(e).

Mr. Heeb's complaints do not identify his claims for relief in legal terms. Like Mr. Warring and the trial court, we are able to discern several claims of wrongdoing and resulting injury that he includes under the umbrella of his claims of "attorney misconduct

8

and grand theft of client's property." He complains first, that Mr. Warring and the law firm charged Mr. Heeb excessive fees in representing him in his divorce; second, that Mr. Warring and the law firm failed to complete the work required for his divorce, specifically the QDRO; third, that Mr. Warring and the law firm unlawfully retained Mr. Heeb's personal documents; fourth, that Mr. Warring deprived Mr. Heeb of his water certificate or conspired with others to deprive him of it; and fifth, that the three defendants denied Mr. Heeb his right to redeem his property sold in the execution sale despite his having tendered the required redemption price.

## Statute of Limitations Defense

The first issue is whether Mr. Heeb presented the trial court with specific facts demonstrating that his claims might not be barred by the statute of limitations.

A limitations period begins to run when the claim has "accrued." RCW 4.16.005. A claim is said to accrue when a party has the right to enforce the cause of action and seek relief in the courts. *Gunnier v. Yakima Heart Ctr., Inc.*, 134 Wn.2d 854, 953 P.2d 1162 (1998).

Mr. Heeb's first claim involves the amount of attorney fees he was charged by Mr. Warring and the law firm. Although actions for breach of written contracts have a six-year limitations period, RCW 4.16.040, actions for breach of an oral contract must be commenced within three years. RCW 4.16.080(3). Mr. Heeb does not identify any written contract provision for support, so the three-year limitations period applies to his

9

claim. The statute of limitations in a contract action begins to run at the time of the breach. *City of Algona v. City of Pacific*, 35 Wn. App. 517, 521, 667 P.2d 1124 (1983).

Mr. Warring and the law firm filed a notice of intent to withdraw from representing Mr. Heeb in July 2001. They brought their collection action to recover fees in August 2001. Mr. Heeb's cause of action regarding the disputed attorney fees accrued no later than the end of the lawyer-client relationship and the commencement of the collection action. The statute of limitations therefore ran on this claim in or before August 2004. Mr. Heeb did not file the actions before us until April 2009. By that time any claim for excessive fees was barred by the statute of limitations.

Mr. Heeb's second claim is that the law firm wrongfully failed to prepare a QDRO effectuating the division of his retirement benefits that was ordered in his marriage dissolution action. In granting summary judgment, the trial court pointed out that Mr. Warring and the firm were not required to perform work after withdrawing for nonpayment of their fees. We agree, but here we focus on the statute of limitations.

"The statute of limitations for a legal malpractice action in Washington is three years." *Huff v. Roach*, 125 Wn. App. 724, 729, 106 P.3d 268 (2005). It does not start to run "until the client 'discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action.'" *Janicki Logging & Constr. Co. v. Schwabe, Williamson & Wyatt, PC*, 109 Wn. App. 655, 659, 37 P.3d 309 (2001) (quoting *Peters v. Simmons*, 87 Wn.2d 400, 406, 552 P.2d 1053 (1976)). "This

rule does not require that a plaintiff have knowledge of the cause of action itself; rather, only the 'facts' that give rise to that cause of action must be known to start the running of the statute." *Id.* Where the discovery rule applies, the burden is on the plaintiff to show that the facts giving rise to the claim were not discovered or could not have been discovered by due diligence within the limitation period. *G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wn. App. 360, 367, 853 P.2d 484 (1993).

Mr. Warring's and the law firm's evidence in support of their motion for summary judgment satisfied their initial burden of demonstrating that in the exercise of reasonable diligence, Mr. Heeb could have discovered that additional work (such as the QDRO) remained to be done when the law firm withdrew as his lawyers in 2001. Mr. Heeb has produced no evidence otherwise. Indeed, his own evidence shows that he received a letter addressing the QDRO issue from Mr. Acres, his ex-wife's lawyer, in early July 2006, and the implication of the letter is that Mr. Heeb and Mr. Acres had previously communicated about the issue. Mr. Heeb failed to overcome the lawyers' initial showing that he was on notice of the facts giving rise to his claim more than three years before he filed the current actions.

Mr. Heeb's third claim is that Mr. Warring and the law firm unlawfully refused to release his personal files. RCW 4.16.080 imposes a three-year limitation "for actions involving conversion, tort or relief based on fraud." *Hudson v. Condon*, 101 Wn. App. 866, 872, 6 P.3d 615 (2000). Among the actions covered by the provision are actions

11

"for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another." RCW 4.16.080(2).

The transcript of the July 16, 2004 hearing reveals that Mr. Heeb first raised his complaint about the withholding of his personal files during the collection action. He acted on his continuing complaint about the files by filing suit in Adams County in March 2004 and complaining about it even after Mr. Warring delivered a box of files at the time of the July 16, 2004 hearing. The statute of limitations on the claim therefore ran no later than March 2007. The claim was time barred by the time the current actions were filed in April 2009.

Mr. Heeb's fourth claim is that Mr. Warring and the law firm somehow interfered or conspired to interfere with his water rights. Mr. Warring's declaration asserts that he had nothing at all to do with Mr. Heeb's water rights. Here, again, the three-year statute for actions involving conversion, tort, or relief based on fraud applies. RCW 4.16.080. The record demonstrates that Mr. Warring conveyed Mr. Heeb's formerly owned property to Mr. Soledad in August 2005, that the water association issued a water certificate to Mr. Soledad in September, and that Mr. Heeb was embroiled in a lawsuit with the Soledad family before the end of 2005. The defendants met their initial burden of demonstrating that the statute of limitations ran, at the latest, three years later, before

12

year-end 2008. Mr. Heeb offers nothing to counter their showing. The claim was time

barred prior to commencement of the current actions.

Mr. Heeb's fifth claim alleges some wrongful interference by Mr. Warring, the

law firm, and Ms. Otey with his right to redeem his property acquired by Mr. Warring in

the execution sale. Mr. Heeb knew no later than May 2005 that his efforts to redeem the

property had failed. Because any claim for wrongful interference is based in tort, it is

subject to the three-year limitations period for tort actions. RCW 4.16.080; *Condon*, 101

Wn. App. at 872. Any claim that Mr. Heeb could assert arising out of his frustrated

redemption became time barred in May 2008.

The trial court properly granted summary judgment dismissing all of Mr. Heeb's

claims on the basis that they were barred by applicable statutes of limitation.

*Res Judicata or Claim Preclusion*

The second issue is whether Mr. Heeb presented the trial court with specific facts

demonstrating that his first, third, and fifth claims—those other than the QDRO and

water right related claims—might not be barred by the doctrine of res judicata.

Res judicata, or claim preclusion, is an affirmative defense that bars relitigation of

claims and issues that were litigated, or could have been litigated, in a prior action.

*Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). The purpose

of this doctrine is "to prevent piecemeal litigation and ensure the finality of judgments."

*Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117

13

(2005). For res judicata to apply, there must have been a final judgment on the merits in the prior action. *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). Even where this threshold requirement has been met, a court will dismiss a subsequent action based on res judicata only if it is identical with the first action in "(1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of the persons for or against whom the claim is made." *Spokane Research & Def. Fund*, 155 Wn.2d at 99; *In re Pers. Restraint of Metcalf*, 92 Wn. App. 165, 174, 963 P.2d 911 (1998).

The collection action brought against Mr. Heeb by Mr. Warring and the law firm in 2001 was resolved by a final judgment entered following a bench trial—a judgment on the merits—in February 2004. The Grant County action claiming Mr. Warring's wrongful withholding of Mr. Heeb's personal files was dismissed in August 2005 for failure to state a cause of action under CR 12(b)(6), a dismissal that is also a judgment on the merits. *Metcalf*, 92 Wn. App. at 175. Only the 2004 Adams County action dealing with the records, which was dismissed without prejudice in 2007, was not resolved by a judgment on the merits.

Both the 2001 collection action and the 2005 Grant County records action pitted Mr. Heeb against Mr. Warring and the law firm, thereby involving the same persons and parties. While Ms. Otey was not named as an individual party in the two earlier actions, her liability in the current lawsuits is predicated on her employment by the law firm. Employer-employee relationships may ground a claim preclusion defense, regardless of

14

which party to the relationship was first sued. *Thompson v. King County*, 163 Wn. App. 184, 193, 259 P.3d 1138 (2011). *Thompson* held that an employee cannot *always* assert a claim preclusion defense based on prior litigation involving her employer, but can defend on that basis unless one of two exceptions to the rule of privity recognized by the *Restatement (Second) of Judgments* applies. *Id.* at 195 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 51 (1982)). Neither exception to the rule of privity would apply here.[1] Ms. Otey can rely on claim preclusion as an employee of the law firm.

The 2001 collection action and the 2005 Grant County records action involved subject matters that are the same as some claims asserted in the current lawsuits. Mr. Heeb complained in the collection action about the work performed by Mr. Warring and the law firm, the amount of time they expended in representing Mr. Heeb, and whether or not Mr. Heeb had requested that work.[2] The execution sale took place in, and was confirmed in, the collection action. The withholding of Mr. Heeb's personal files was clearly a subject matter of the 2005 Grant County action.

---

[1] Under the *Restatement*, a judgment against the law firm that would bar a second action against the firm extinguishes any claim against an employee (here, Ms. Otey) for conduct as an employee unless the current action is based on grounds that could not have been asserted against the law firm in the earlier action or the judgment in the earlier actions was based on a defense personal to the law firm.

[2] Among other evidence, Mr. Heeb filed a "Grievance Against a Lawyer" form in which he contested the amount the firm charged him for representing him in the divorce and claims it was Mr. Warring's idea to go to court even though Mr. Heeb stated he did "not want any more time or money spent on the case." CP at 97.

As to the last identity requirement, there is no single test but several courts have determined two causes of action are identical for purposes of res judicata if "(1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts." *Civil Serv. Comm'n v. City of Kelso*, 137 Wn.2d 166, 171, 969 P.2d 474 (1999); *Yakima County v. Yakima County Law Enforcement Officers Guild*, 157 Wn. App. 304, 328, 237 P.3d 316 (2010). This overlap between the current and prior actions is satisfied in the case of Mr. Heeb's first, third, and fifth claims, all of which are barred by res judicata in addition to being barred by the statute of limitations. We agree with the trial court that the claims based on the failure to prepare the QDRO and the alleged interference with Mr. Heeb's water rights are not barred by res judicata, but only by the statute of limitations.

*Attorney Fees*

Mr. Warring, the law firm, and Ms. Otey request an award of attorney fees under RAP 18.1 for having to defend against a frivolous appeal. *See* RAP 18.9(a) (authorizing an award of fees as a sanction for a frivolous appeal).

In *Tiffany Family Trust Corp. v. City of Kent*, the Washington Supreme Court provided the following guidance as to when an appeal is frivolous for purposes of awarding attorney fees as a sanction:

"In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal."

155 Wn.2d 225, 241, 119 P.3d 325 (2005) (internal quotation marks omitted) (quoting

*Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 442-43,

730 P.2d 653 (1986)).

Even given this generous standard for error by an appellant, Mr. Heeb's appeal is

frivolous. He has made no effort to understand or respond to the statute of limitation and

res judicata issues that were clearly identified by Mr. Warring's materials and the trial

court's ruling. He has not raised any debatable issues as to those grounds for dismissal

and there was no reasonable possibility of reversal. We exercise our discretion to award

Mr. Warring, the law firm, and Ms. Otey attorney fees for defending against the appeal

upon compliance with RAP 18.1.

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the

Nos. 29050-6-III; 29051-4-III
*Heeb v. Warring*

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

                                        Siddoway, A.C.J.

WE CONCUR:

Brown, J.

Kulik, J.